## McGee v. Currie.

demand, and to decide the same in accordance with and in conformity to this opinion.

Judgment reversed.

Note 44.—Townsend v. Munger, 9 T., 300; Goss v. McClaren, 17 T., 107.

Note 45.—King v. Cassidy, 36 T., 531.

---

### McGEE v. CURRIE.

McGee hired a slave to one Hicks and Bailey. While the slave was in Hicks's possession under the contract of hire, he got wounded, and was attended by Currie, who was a physician. Currie, having sued McGee for the value of his professional services, offered Bailey as a witness to prove that there was an understanding, at the time of the hiring, that McGee was to pay for medical attendance in case any were needed: *Held*, That he was a competent witness.

Where it appeared from a bill of exceptions "that the plaintiff made oath that he knew of no one else by whom he could prove his account except William C. Hicks, and by the representations of the deputy sheriff it appearing to the satisfaction of the court that said Hicks is, at the calling of the case for trial and during the trial of the case, so beastly drunk as to be unable to get to the court-house, and it appearing that said Hicks is habitually addicted to intemperance, the plaintiff was permitted to prove his account by his oath," this being an appeal from a Justice's Court: *Held*, it was error.

Where the only witness by whom a party can prove a fact is so drunk as to be inadmissible as a witness, and there is no prospect of his being in a better condition, the party may swear that he knows of no person by whom he can prove the fact.

The hirer of a slave, not the owner, is responsible for medical attendance, where the attendance is not requested by the owner, and where there is no special agreement.

*It seems* that a slave that is hired out cannot be taken in execution for a debt of the owner, where the lien has not attached before the transfer of the possession by hiring.

Appeal from Polk. This suit was brought by the appellee [**218**] against the appellant, in a Justice's Court, to recover the amount of an account for services rendered as a physician to the appellee by attending on his slave when wounded; from which court it was taken by appeal to the District Court. From the evidence it appeared that the negro slave on whom the professional services had been bestowed was the property of McGee, the appellant; that he had hired him for one year to Hicks and Bailey, and they had given their note to McGee for the said hire; that the negro was in the possession of Hicks at the time he received the professional services of the appellant under such hiring.

Bailey was admitted to testify in behalf of the appellee. The appellee was also admitted to testify to certain facts which he swore he could not prove by any other person except Hicks, who appeared to the satisfaction of the court, by the representations of the deputy sheriff, to be too drunk to testify, etc.

Yoakum, for appellant. The hirer of a slave is the owner of the slave for the time of such hiring, and takes him subject to all contingencies incident to such property. He is as much bound to furnish him with the necessary medical attention as the necessary food, clothing, etc. He has in him a particular estate, the owner having the remainder. The case of Neilson, for use of Hord, v. Gilliam (7 Yerg. R., 474) is a much stronger case than the one at bar. In that case the owner had actually paid the physician his bill; and then, upon the hirer refusing to pay it to the owner, the physician sued in his name for the use of the owner, and recovered of the hirer. In that case the court say: "It is not questioned but that Gilliam (the hirer) was bound to pay for medical services rendered to the slave, being the property of Gilliam for one year under the hire." (4 Hay. R., 11.)

Before a party in appeal cases can give evidence for himself, he must first

McGee v. Currie.

swear that he has no other evidence to prove the fact. (Acts 1846, p. 377, sec. 57.) The statute is positive. No exception is made as to a witness drunk. Where [219] the law makes no exception, can the court do so? The witness Currie, swore that he knew of no person by whom he could prove the facts except Hicks. The court did not even require him to state the condition of Hicks, but was satisfied from "the representation of the deputy sheriff." How it appeared to the court that "Hicks is habitually addicted to intoxication" does not appear in the transcript; yet the transcript shows that all the evidence in the case is set out. Of course the court could not judicially know that any one was drunk unless the matter had been *res adjudicata*. .

LIPSCOMB, J. On the trial there were several exceptions taken to charges asked to be given and refused by the court, and to charges given, and to testimony objected to by the defendant, but admitted by the court. There was a judgment for the plaintiff; from which judgment the defendant has brought the case into this court by an appeal.

We will only notice such points as are considered to be material. The plaintiff offered Bailey as a witness to prove an agreement or understanding, at the time of the hiring, that the owner was to pay the physician's bill, if any should be raised. The defendant objected to the witness as incompetent on the ground of interest in the suit. The objection was overruled, and the witness allowed to give evidence. Bailey said that the negro had been hired by him as the agent of Hicks, and the negro was in the possession of Hicks when the services sued for were rendered. We cannot perceive any interest in the witness that would go to his competency. True he was jointly bound with Hicks for the hire to McGee, but it is not seen how his liability could have been increased or diminished by the result of this case, whether Hicks or McGee should have to pay the money. There is nothing from which his liability could arise if it should be held that McGee, the owner of the slave, was not liable.

The second objection to testimony was to the admission of the plaintiff himself to swear for the purpose of proving his [220] account, on the ground that the plaintiff had not brought himself within the provisions of the statute authorizing a party to give evidence in his own case. Section fifty-seven of the act to regulate proceedings in the District Court (Acts of 1846, p. 377) will be found to be as follows: "In the trial of appeals from Justices' Courts, when either party shall make oath that he has no other evidence to prove any fact material to the prosecution or defense of his suit except his own oath, he shall be sworn and examined touching such facts; and the opposite party, in such cases, shall have the privilege of being sworn as to the same facts." From the bill of exceptions it appears that the defendant made oath that he knew of no one else by whom he could prove his account but by William C. Hicks; and by the representations of the deputy sheriff it appearing to the satisfaction of the court that the said Hicks is, and was at the calling of the case, so beastly drunk as to be unable to get to the court-house, and it appearing that said Hicks was habitually addicted to intemperance, the plaintiff was permitted to prove the fact of the truth of his own account by his own oath. The law allowing a man to swear in support of his own cause is an innovation on the rules of evidence, and it cannot be allowed unless he brings himself within the provisions of the statute cited above. If the person by whom the same facts could have been proved was so drunk as to be inadmissible as a witness, and there was no prospect of his being in a better condition, the party might have safely sworn that he knew of no evidence by which he could prove the fact; but when he himself shows that Hicks could prove the facts, and the cause of the incapacity of the person so referred to is not established by the oath of any one, and merely on the representation of the deputy sheriff, it can hardly be said that the spirit of the law has been complied with. The court should not have been satisfied of such incapacity by the representation of any one unsupported by oath.

McGee v. Currie.

The next point to be noticed is the charge of the judge to the jury, which was excepted to by the defendant. "On the [**221**] trial the court charged the jury that in the absence of any special contract between the owner and the hirer of a slave, the owner would be liable for medical services rendered such slave during the time of such hire; that such was the law; but if the law was different, the owner would still be liable upon a special contract to pay for such services." This question was presented to the consideration of the Supreme Court of Alabama at an early day in the case of Meeker v. Childress. A bill of exceptions taken on the trial in the Circuit Court shows that Childress, residing at Tuscaloosa, hired the slave for a year to Edward Smith, residing at St. Stephens, who called in the plaintiff, a practicing physician, to attend the slave. The court, on motion of the counsel for Childress, instructed the jury that Childress was not liable in law to pay said Meeker for said services, &c. Verdict for the defendant. On error to the Supreme Court, Judge Crenshaw, in delivering the opinion of the court, says: "We are of opinion that under such circumstances the hirer of the slave is bound to pay the physician for his services, and that the owner is not liable. If the owner had requested the services of the physician, or if there had been a special agreement between him and the hirer, it might vary the case. We are unanimous in the opinion that the judgment be affirmed." (Minor R., 109.) The opinion of the Supreme Court of Tennessee in the case of Neilson, for the use of Ford, v. Gilliam is a strong case in support of the same doctrine. The case is briefly this: Gilliam hired from Hord his negro for one year. The negro fell sick, and Dr. Neilson was called upon, and as a physician gave his attention to the case. Hord, as an accommodation to Neilson, paid the amount of his bill. Gilliam refusing to pay the money to Hord that he had advanced, Neilson brought this suit by warrant, and judgment was rendered for the defendant in the Circuit Court, where it had been carried by appeal. Judge Peck, in giving the opinion of the Supreme Court, says: "It is not questioned but that Gilliam was bound to pay for medical services rendered to said slave, [**222**] being the property of Gilliam for one year under the hire. (4 Hay. R., 11.) The money advanced by Hord was so much paid, laid out, and expended for Gilliam's use." The same doctrine has been firmly sustained by repeated decisions of the Supreme Court of Kentucky. (1 Bibb R., 536; 1 Litt. R., 15; 3 J. J. Marsh. R., 708.) It is believed these decisions are well sustained by the principle expressed in the opinion in the case cited from 7 Yerg. R.: that for the time the hirer is the owner of the slave. By the hiring the property is believed to be so completely changed that the negro could not be taken in execution for a debt of the owner until the expiration of the time for which he was hired, unless the lien had attached before the transfer of possession by hiring.

I believe the court erred in its charge as given to the jury, and for this error the judgment ought to be reversed and the cause remanded.

Judgment reversed.