

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00365-CV

ANDY A. ATCHLEY AND KARRI D. ATCHLEY          APPELLANTS

V.

CHASE HOME FINANCE LLC, AND FEDERAL NATIONAL MORTGAGE ASSOCIATION          APPELLEES

----------

### FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellants Andy A. Atchley and Karri D. Atchley appeal the trial court's summary judgment for Appellees Chase Home Finance LLC and Federal

---

[1]*See* Tex. R. App. P. 47.4.

National Mortgage Association (Fannie Mae). We will reverse and remand in part and affirm as modified.

## II. BACKGROUND

In November 2006, in return for a loan, Appellants executed a note payable to CTX Mortgage Company, LLC in the principal amount of $296,700.00. To secure repayment of the note, Appellants executed a deed of trust that identified Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary (as nominee for CTX Mortgage Company).

In June 2009, Appellants were notified of their default under the terms of the note due to their failure to pay the required monthly installments and that the note would be accelerated if they did not timely cure the default. In August 2010, MERS assigned the note and deed of trust to Chase, who notified Appellants through its attorneys that it had elected to accelerate the balance of the note and that the property subject to the deed of trust would be sold on September 7, 2010. Fannie Mae purchased the property at a foreclosure sale that day.

Appellants sued Appellees sometime before Fannie Mae could complete the eviction process, complaining of defects in the notice and foreclosure processes, alleging violations of the Texas Debt Collection Act (TDCA) and the Texas Deceptive Trade Practices Act (DTPA), and asserting claims for fraud, negligent misrepresentation, wrongful foreclosure, and fraudulent lien. Appellees filed a combined traditional and no-evidence motion for summary judgment as to

2

both Appellants' claims and Appellees' counterclaims seeking a declaratory judgment, a writ of possession, and attorneys' fees.[2] The trial court granted the motion in its entirety, and this appeal followed.

### III. MERITS

In their first issue, Appellants argue that the trial court erred by granting summary judgment for Appellees because outstanding fact issues exist as to each of Appellants' claims. In light of Appellees' motion, we will apply the no-evidence summary judgment standard to Appellants' fraud and negligent misrepresentation claims and the traditional standard to the remaining claims.

#### A. No-Evidence Standard

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of

---

[2]Appellees had sought a declaration that Fannie Mae is the owner of the property as a result of the foreclosure sale, that Appellees are entitled to pursue eviction proceedings, and that all lis pendens or other encumbrances on the property be dismissed.

material fact.  *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

## B.  Traditional Motion Standard

Under the traditional standard, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence that raises a fact issue.  *Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999).  We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

## C.  Authority-to-Foreclose- and Notice-Based Claims

Appellants' TDCA, DTPA, wrongful foreclosure, and "Mortgage Transaction" claims all implicate either Chase's authority to foreclose on the property or the pre-foreclosure notices given by Chase to Appellants.  Regarding the former contention, the business and commerce code provides that an instrument containing a blank endorsement is payable to the bearer and may be negotiated by transfer of possession alone.  *See* Tex. Bus. & Comm. Code Ann. § 3.205(b) (West 2002); *see also Robeson v. Mortg. Elec. Registration Sys., Inc.*,

4

No. 02-10-00227-CV, 2012 WL 42965, at *4 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (mem. op.). Appellees' summary judgment evidence contained a copy of the note, endorsed in blank, and the affidavit of a Chase mortgage officer who affirmed that Chase was the owner and holder of the note and had possession of the note. Appellees' summary judgment evidence also contained an assignment of the note from MERS to Chase effective July 19, 2010, and signed on August 5, 2010. "When the assignment is in writing, there can be no question of the right of the assignee to bring the action in his own name . . . ." *Smith v. Clopton*, 4 Tex. 109, 114–15 (1849).

Notwithstanding this evidence, Appellants argue that Chase lacked the authority to foreclose because the 2009 default notice indicated that Fannie Mae was the mortgagee. But as Appellees point out, this ignores the uncontroverted summary judgment evidence demonstrating that Chase later had possession of, and was also assigned, the note. Appellants additionally argue that there is no proof that Stephen Porter held the office of Assistant Secretary for MERS, such that the assignment of the note and deed of trust from MERS to Chase was invalid. But the written assignment contains all of the requirements necessary to effectuate a legal transfer of the note and deed of trust, and Appellants submitted no controverting evidence that the assignment was somehow invalid.

Regarding the pre-foreclosure notice to Appellants, the property code provides that a debtor must be given notice of its default and at least twenty days

5

to cure the default before the notice of sale under section 51.002(b) is given. Tex. Prop. Code Ann. § 51.002(d) (West Supp. 2012). Thereafter, notice of the sale must be given by "serving written notice . . . on each debtor who . . . is obligated to pay the debt" at least twenty-one days before the date of the sale. *Id.* § 51.002(b)(3). Appellees' summary judgment evidence contained both notices—Appellants were notified in June 2009 that they were in default but could cure the default, and they were notified on August 5, 2010, that the foreclosure sale would occur more than twenty-one days later, on September 7, 2010. Karri Atchley confirmed in her affidavit attached to Appellants' summary judgment response that she received notice of the foreclosure sale.

Appellants argue that the foreclosure sale notice was invalid because it was not signed, but they direct us to no provision in the property code that requires the notice to be executed. Appellants do not argue that they did not receive notice.

The record thus shows that Appellees established their entitlement to summary judgment on Appellants' TDCA, DTPA, wrongful foreclosure, and "Mortgage Transaction" claims but that Appellants failed to respond with any competent evidence raising a genuine fact issue on those claims. *See* Tex. R. Civ. P. 166a(c). We hold that the trial court did not err by granting Appellees summary judgment on Appellants' TDCA, DTPA, wrongful foreclosure, and "Mortgage Transaction" claims. We overrule this part of Appellants' first issue.

6

**D.     Fraud and Negligent Misrepresentation**

Appellees argued in their motion for summary judgment that Appellants had no evidence that they justifiably relied upon any material or false representation of Appellees.  Indeed, a plaintiff must demonstrate that it actually and justifiably relied upon a representation to its detriment to recover damages for both fraud and negligent misrepresentation.  *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 693 (Tex. 2002).  Appellants contend that Karri Atchley's affidavit "establishes the explicit representations of Chase to Appellants that there would be a modification of the loan and that there would be no foreclosure sale on September 7, 2010" and that Appellants "clearly relied on those representations made to them by Chase, to their detriment."   Karri's affidavit states in relevant part as follows:

> Octavia Henson talked to Dante Smith on September 3, 2010, and Mr. Smith admitted that we had submitted [a] new application and that they had everything back on August 16, 2010.  He said our foreclosure sale would be put on hold.  We were excited to think that we would finally get the loan modification done.  Ms. Henson told us she recorded the conversation and said to call back on September 8, 2010 to be sure Chase updated our records.  We did, and were told the house had been sold at auction on September 7.

> We were also working with Glynda Esprada, another counselor at MHA, who said she was going to try to speak with Fannie Mae to try to get the sale rescinded.  We tried doing a conference call with her office and Chase, and talked to two different loan specialists and foreclosure department people (Glynda and Ederyn), but neither would allow us to speak with their supervisors."

7

Although the affidavit sets out the circumstances and communications surrounding the purported loan modification, it does not identify any evidence that Appellants consequently relied to their detriment upon the alleged representation that the loan modification would proceed. Because Appellants failed to come forward with any evidence to support an essential element of their fraud and negligent misrepresentation claims, the trial court did not err by granting Appellees summary judgment on those claims. *See* Tex. R. Civ. P. 166a(i). We overrule this part of Appellants' first issue.

### E. Fraudulent Lien

The trial court granted Appellees summary judgment on Appellants' fraudulent lien claim even though Appellees did not move for summary judgment on that claim, which appears in Appellants' first amended petition, which was filed after Appellees filed their motion for summary judgment. A trial court cannot grant summary judgment on a ground that was not presented in the motion. *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993); *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied) ("When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them and the responding party did not except to the motion."). We therefore sustain this part of Appellants' first issue.

## F.    Attorneys' Fees

Appellees sought an award of $5,000 in attorneys' fees in conjunction with their declaratory judgment claim, the merits of which Appellants do not challenge on appeal.  The trial court awarded Appellees $6,000.  Appellants argue that the award was improper because there was a "clear conflict in evidence regarding the award of attorney's fees" and because the Appellees' summary judgment evidence never requested $6,000.

Appellees' attorney affirmed in an affidavit included with the summary-judgment evidence that a reasonable and necessary fee for defending this matter was $5,000, not $6,000.  Appellants argue that their attorney's affidavit was sufficient to raise a fact issue as to the amount of attorney's fees, but the affidavit merely contends that the Appellees' evidence is conclusory and that the amount requested is excessive.  "An affidavit filed by non-movant's counsel that simply criticizes the fees sought by the movant as unreasonable without setting forth the affiant's qualifications or the basis for his opinion will not be sufficient to defeat summary judgment."  *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied).  Appellants' affidavit did not set forth their attorney's qualifications or the basis for his opinion as to what a reasonable fee would be.  Appellants therefore submitted no evidence controverting Appellees' evidence of attorneys' fees.

9

We hold that Appellees were entitled to summary judgment on their claim for attorneys' fees, but only in the amount of $5,000. *See A.N.A. Prince Corp. v. Herolz*, No. 01-94-00450-CV, 1995 WL 477548, at *4–5 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (reasoning that the trial court may not grant a summary judgment for more relief than is supported by the summary judgment evidence and reforming judgment to reflect an award of attorneys' fees supported by the evidence). We therefore sustain this part of Appellants' first issue to the extent that the trial court awarded Appellees $1,000 too much in attorneys' fees.

## IV. ADEQUATE TIME FOR DISCOVERY

In their second issue, Appellants argue that the trial court erred by granting summary judgment because they did not have an adequate time to conduct discovery.

We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis under an abuse of discretion standard, bearing in mind that a trial court abuses its discretion only when it acts in an unreasonable manner or when it acts without reference to any guiding rules or principles. *LaRue v. Chief Oil & Gas, LLC*, 167 S.W.3d 866, 873 (Tex. App.— Fort Worth 2005, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

In considering whether the trial court permitted an adequate time for discovery, we consider the following factors: (1) the nature of the case, (2) the

nature of the evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that already had taken place, and (7) whether the discovery deadlines in place were specific or vague. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The record shows that Appellants filed suit in April 2011 and that Appellees filed their motion for summary judgment in March 2012, almost a year later and a few weeks before the close of the discovery period.[3] *See* Tex. R. Civ. P. 190.3. Appellants do not contend that they propounded any discovery during this lengthy period of time, and they even failed to respond to Appellees' discovery requests. Moreover, "[w]hen a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Appellants did neither. In light of the foregoing, we hold that the trial court did not abuse its discretion by ruling on Appellees' summary judgment when it did. *See Robeson*, 2012 WL 42965, at *4 (reasoning similarly). We overrule Appellants' second issue.

---

[3] Appellees served Appellants with discovery on June 6, 2011.

11

## V. CONCLUSION

Having sustained two parts of Appellants' first issue, we (1) reverse the trial court's order as to Appellants' fraudulent lien claim and remand this case to the trial court for further proceedings on that claim and (2) modify the portion of the order awarding Appellees $6,000 for attorneys' fees to reflect that Appellees are awarded $5,000 for attorneys' fees.  Having overruled the remainder of Appellants' first issue and their second issue, we affirm the trial court's order as modified.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  June 20, 2013