**Affirmed and Memorandum Opinion filed April 1, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00785-CV

## IN THE MATTER OF THE EXPUNCTION OF C.A.A.

**On Appeal from the 142nd District Court
Midland County, Texas
Trial Court Cause No. CV55626**

## MEMORANDUM OPINION

The State of Texas appeals the trial court's order granting C.A.A.'s verified petition for expunction.[1]  For the reasons below, we affirm.

### BACKGROUND

*Expunction Statutes*

The Texas Legislature provided a statutory right to expunction in the Texas Code of Criminal Procedure, article 55.01 (entitled "Right to Expunction").  *See Ex*

---

[1] This appeal was transferred to this court from the Eastland Court of Appeals pursuant to Supreme Court of Texas Transfer Order, Misc. Docket No. 19-9091.  Due to said transfer, we must decide this case in accordance with the precedent of the Eastland Court of Appeals if our decision otherwise would be inconsistent with that court's precedent.  *See* Tex. R. App. P. 41.3.

*parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).  In relevant part, article 55.01 states:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (1) the person is tried for the offense for which the person was arrested and is:
>
> (A) acquitted by the trial court[.]

Tex. Code Crim. Proc. Ann. art. 55.01(a)(1)(A).  But an expunction may not be ordered if the petitioner remains subject to prosecution for certain related offenses:

> (c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c).

If an expunction is ordered, article 55.02 (entitled "Procedure for Expunction") provides that the investigating law enforcement agency and prosecuting attorney may nonetheless retain certain records and files in certain circumstances:

> (a) If the state establishes that the person who is the subject of an expunction order is still subject to conviction for an offense arising out of the transaction for which the person was arrested because the statute of limitations has not run and there is reasonable cause to believe that the state may proceed against the person for the offense, the court may provide in its expunction order that the law enforcement agency and the prosecuting attorney responsible for

investigating the offense may retain any records and files that are necessary to the investigation.

*　　　*　　　*

(a-2) In the case of a person who is the subject of an expunction order on the basis of an acquittal, the court may provide in the expunction order that the law enforcement agency and the prosecuting attorney retain records and files if:

> (1) the records and files are necessary to conduct a subsequent investigation and prosecution of a person other than the person who is the subject of the expunction order; or
>
> (2) the state establishes that the records and files are necessary for use in:
>
>> (A) another criminal case, including a prosecution, motion to adjudicate or revoke community supervision, parole revocation hearing, mandatory supervision revocation hearing, punishment hearing, or bond hearing; or
>>
>> (B) a civil case, including a civil suit or suit for possession of or access to a child.

*Id*. art. 55.02 § 4(a), (a-2).

### *Underlying Proceedings*

C.A.A. was indicted for manslaughter, arrested, tried, and acquitted. After C.A.A.'s acquittal, he filed a verified petition for expunction of his records. *See id*. art. 55.01(a)(1)(A). The trial court held three hearings regarding the expunction.

At the first hearing, the State represented that it did not object to the trial court expunging the charge for which C.A.A. was acquitted. But citing article 55.01(c), the district attorney asserted that "the State believes that there are other charges that could arise out of the same criminal episode by which the statute of limitations has not run." The trial court recessed the hearing to permit the State to investigate its potential charges against C.A.A.

3

At the second hearing, the district attorney asserted she did "not object to the expunction of the arrest or the charge" but requested that she be permitted to maintain her "investigative file." Referencing subsections (a) and (a-2) in article 55.02, the trial court stated as follows:

> And so I can only believe that the district attorney is saying that these files are necessary to conduct an investigation and prosecution of someone else or they're necessary for another criminal case in which there is a prosecution . . . .

> So if the district attorney is telling me that she is going to pursue another prosecution of this person arising out of the same set of facts or circumstances, then how much time do you need?

The district attorney requested two weeks' time and the trial court recessed the hearing on C.A.A.'s petition for expunction.

At the third hearing, the district attorney stated that, "at this point in time, the State can announce to the Court that we do not intend on seeking additional charges." But the district attorney nonetheless "object[ed] to the expunction" and reiterated that the State is "entitled to keep [its] investigative files." Citing articles 55.01 and 55.02, the trial court rejected the State's argument and "grant[ed] the expunction requested."

On July 8, 2018, the trial court signed an "Order of Expunction" in which it ordered that "[a]ny and all records and/or files of [C.A.A.] concerning the arrest . . . are hereby expunged." The trial court subsequently entered the following findings of fact and conclusions of law:

- "No evidence was presented to the Court which indicated [C.A.A.] . . . is subject to prosecution for another offense arising from the incident which lead [sic] to the indictment and charges . . . [for] which [C.A.A.] was acquitted."

- "No evidence was presented to the Court which indicated the State [needed] to keep and maintain any records or files . . . ."

4

- "There are no disputed facts concerning the right of [C.A.A.] . . . to an expunction of all records and files relating to his arrest . . . ."

- "[C.A.A.] . . . is entitled to an expunction of all records and files relating to his arrest . . . ."

The State timely appealed. The record presented to us does not contain any of the documents in the State's file.

ANALYSIS

## I. Standard of Review

"A trial court's ruling on a petition for expunction is reviewed for abuse of discretion." *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018) (citing *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied)). "Under the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts." *Id.* (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). "Thus, a trial court's legal conclusions are reviewed de novo." *Id.* (citing *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996)). "Here, the trial court's ruling on the expunction request hinged on a question of law because it required the interpretation of article 55.01; therefore, it is subject to de novo review." *Id.* (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008) (stating that statutory construction is a question of law)).

## II. The State's Motion to Abate

Before analyzing the merits of the State's appeal, we dispense with the State's motion to abate and remand for findings of fact and conclusions of law. There, the State argues that we should abate this appeal and remand to the trial court for a determination as to "whether the State's investigative file was a 'record

5

and file relating to'" C.A.A.'s arrest. The State further suggests that the trial court's silence on this matter "leaves the State in a conundrum" because the latent ambiguity presented thereby "leaves open the question of whether the State has an appealable question." The State argues the trial court's rulings prevented the "proper presentation" of this case on appeal and that we should direct the trial court to correct its error. *See* Tex. R. App. P. 44.4.

We disagree. In its "Order of Expunction," the trial court ordered that "any and all records and/or files . . . concerning" C.A.A.'s arrest "are hereby expunged". The phrase "any and all" has been used by Texas courts for over 150 years and is not ambiguous. *See Hanna v. State*, 426 S.W.3d 87, 97 (Tex. Crim. App. 2014); *Renow v. State*, 120 S.W. 174, 178-79 (Tex. Crim. App. 1909); *Cotton v. State*, 32 Tex. 614, 623 (1870); *Smith v. Clopton*, 4 Tex. 109, 113 (1849); *Langford v. Republic of Tex.*, Dallam 588, 589 (Tex. 1844); and *Kilgore Expl., Inc. v. Apache Corp.*, No. 01-13-00347-CV, 2015 WL 505275, at *7 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015, no pet.) (mem. op.); *see also Twenty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 135, 135 (Tex. 2020). Similarly, the words "records", "concerning", and "expunged" are not ambiguous. "[T]herefore, there is nothing to be construed." *Gen. Am. Indem. Co. v. Pepper*, 339 S.W.2d 660, 661 (Tex. 1960). When read together, these unambiguous words do not spontaneously become ambiguous.

Moreover, the district attorney raised the State's "investigative file" argument several times at the hearings on C.A.A.'s expunction petition. Relying on articles 55.01 and 55.02, the trial court rejected the argument and "grant[ed] the expunction requested." These proceedings, considered in conjunction with the expunction order and the trial court's findings of fact and conclusions of law, leave no issue that requires further determination by the trial court. *See* Tex. R. App. P.

44.4.

Because there is no ambiguity as to what the trial court meant in its order, a remand is unwarranted. We therefore deny the State's motion to abate.

## III. The Trial Court's Expunction Order

Asserting the applicable statutes "neither explicitly nor implicitly include[] the State's investigative file in the category of records that are to be expunged," the State requests that the trial court's expunction order "be modified to exclude the State's investigative file."

As we outlined above, article 55.02 section 4(a) and (a-2) provide the circumstances under which a law enforcement agency or prosecuting attorney may seek to exclude investigative records and files from a trial court's expunction order. *See* Tex. Code Crim. Proc. Ann. art. 55.02 § 4(a), (a-2). Under subsection (a), the law enforcement agency and prosecuting attorney may retain "any records and files that are necessary to the investigation" if the State establishes that the person subject to the expunction order (1) is still subject to a conviction for an offense arising out of the underlying transaction, and (2) there is reasonable cause to believe the State may proceed against the person for that offense. *Id*. art. 55.02 § 4(a). And under subsection (a-2), a law enforcement agency or prosecuting attorney may retain "records and files" if (1) the files are necessary to conduct a subsequent criminal investigation of another person, or (2) the State establishes the files are necessary for use in another criminal or civil case. *Id*. art. 55.02 § 4(a-2).

At the hearings held on C.A.A.'s expunction petition, the trial court provided the district attorney with two opportunities to make the showing necessary to warrant the retention of records and files under these subsections. In its findings of fact and conclusions of law, the trial court found:

7

- "No evidence was presented to the Court which indicated [C.A.A.] . . . is subject to prosecution for another offense arising from the incident which lead [sic] to the indictment and charges . . . [for] which [C.A.A.] was acquitted."

- "No evidence was presented to the Court which indicated the State [needed] to keep and maintain any records or files . . . ."

The record supports these findings. The district attorney did not produce any evidence to support her request to maintain her investigative file; similarly, the district attorney did not produce any of the specific records or files she sought to retain. Accordingly, the district attorney did not make the showing necessary to retain any records or files under article 55.02 section 4(a) and (a-2). *See id*. art. 55.02 § 4(a), (a-2).

Contending that it is not required to expunge its "investigative reports," the State argues that an expunction under article 55.01(a) applies only to those "records and files relating to the arrest." *See id*. art. 55.01(a). The State cites *Ex parte S.C.*, 305 S.W.3d 258 (Tex. App.—Houston [14th Dist.] 2009, no pet.), to support this contention.

But this argument ignores that article 55.02 sets forth the specific procedures applicable when, as here, the prosecuting attorney or law enforcement agency seeks to exclude investigative records and files from an expunction order. *See* Tex. Code Crim. Proc. Ann. art. 55.02 § 4(a), (a-2); *see also Ex parte Aiken*, 766 S.W.2d 580, 581-82 (Tex. App.—Dallas 1989, no writ) (noting that "the conditions of article 55.02 of the Texas Code of Criminal Procedure" constitute "an exception to the complete expunction of arrest records authorized by article 55.01"). Moreover, our decision in *Ex parte S.C.* did not analyze (1) article 55.02's provisions, or (2) a request from a prosecuting attorney or a law enforcement agency to exclude certain records or files from an expunction order. Therefore, *Ex*

*parte S.C.* does not govern our analysis under the set of facts before us.

The record supports the trial court's findings that the district attorney did not make the showing necessary to retain records or files under article 55.02. Therefore, the trial court did not err by ordering that "[a]ny and all records and/or files of [C.A.A.] concerning the arrest . . . are hereby expunged." We overrule the State's issue on appeal.

## CONCLUSION

We affirm the trial court's July 8, 2018 "Order of Expunction."


/s/     Meagan Hassan
        Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

9